STEPHANIE M. HINDS (CABN 254854)
Acting United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

JEFFREY D. NEDROW (CABN 161299)
Assistant United States Attorneys

    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5045
    FAX: (408) 535-5061
    Jeff.nedrow@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,      )<br>                )<br>    Plaintiff,          )<br>                )<br>    v.                )<br>                )<br>LIANG CHEN,          )<br>DONALD OLGADO,      )<br>WEI-YUNG HSU, and    )<br>ROBERT EWALD,       )<br>                )<br>    Defendants.     )<br>_____ | NO. CR 17-00603-BLF<br><br>DECLARATION OF JEFFREY D. NEDROW IN SUPPORT OF GOVERNMENT'S MOTION IN LIMINE NO. 9: MOTION TO ADMIT E-MAILS BETWEEN DEFENDANTS OFFERED BY THE GOVERNMENT<br><br>Hearing Date:  June 24, 2021<br><br>The Hon. Beth L. Freeman |

I, Jeffrey D. Nedrow, declare:

1.   I am an Assistant United States Attorney assigned to the trial in the case of U.S. v. Chen, et.al., CR 17-00603-BLF.

2.   Attached as Exhibit 1 is a true and correct copy of the December 17, 2012 Stipulated Temporary Restraining Order, Evidence Preservation Order, and Order Temporarily Staying Litigation Between Applied Materials and Donald Olgado in Santa Clara County Superior Court, Case No. 112CV237790.

DECLARATION OF JEFFREY D. NEDROW
CR 17-00603-BLF

3.  Attached as Exhibit 2 is a true and correct copy of a December 19, 2012 letter sent by an attorney with Shuman and Snyder to Applied Materials' civil counsel pursuant to her representation of Donald Olgado in the civil case in 2012.

4.  Attached as Exhibit 3 is a true and correct copy of an inventory of attached materials which was included with the December 19, 2012 letter sent to Applied Materials by Shuman and Snyder.

5.  Attached as Exhibit 4 are true and correct copies of two preservation letters attached to the December 19, 2012 letter, which were presented as letters Donald Olgado sent to Google and Yahoo for the purpose of preserving emails in his email accounts.

6.  Attached as Exhibit 5 is a true and correct copy of a January 7, 2013 letter sent by an attorney with Shuman and Snyder to Applied Materials' civil counsel pursuant to her representation of Donald Olgado in the civil case in 2012.

7.  Attached as Exhibits 6-1-6-5 are true and correct copies of five emails which Donald Olgado produced to Applied Materials pursuant to the December 17, 2012 Stipulated Temporary Restraining Order.

8.  I declare under penalty of perjury that the foregoing is true and correct.

Signed June 10, 2021 in San Jose, California.

_____/s/_____
JEFFREY D. NEDROW
Assistant United States Attorney

DECLARATION OF JEFFREY D. NEDROW
CR 17-00603-BLF

2

# EXHIBIT 1

1   PAUL HASTINGS LLP
     BRADFORD K. NEWMAN (SB# 178902)
2   STEPHEN N. YANG (SB# 142474)
     ESTHER Y. CHENG (SB# 280547)
3   1117 S. California Avenue
     Palo Alto, CA 94304-1106
4   Telephone: (650) 320-1800
     Facsimile: (650) 320-1900

5

     Attorneys for Plaintiff
6   Applied Materials, Inc.

ENDORSED  Santa Clara
12/17/12   4:22pm
David H. Yamasaki
Chief Executive Offic
By: apacheco DISTRV01
R#201200130066
               $435.00
TL           $435.00
Case: 1-12-CV-237790

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SANTA CLARA

| | |
|---|---|
| APPLIED MATERIALS, INC., | CASE NO. 112CV237790 |
| Plaintiff, | **STIPULATED TEMPORARY RESTRAINING ORDER, EVIDENCE PRESERVATION ORDER, AND ORDER TEMPORARILY STAYING LITIGATION AS BETWEEN PLAINTIFF AND DONALD OLGADO** |
| v. | |
| LIANG Y. CHEN, WEI-YUNG HSU, ROBERT EWALD, DONALD OLGADO, and DOES 1 through 50, inclusive, | |
| Defendants. | Date: December 17, 2012<br>Time: 8:15 a.m.<br>Dept: 20<br>Bef: The Hon. Kevin E. McKenney |
| | **COMPLAINT FILED DECEMBER 13, 2012** |

Pursuant to California Code of Civil Procedure §§ 526-27 , and California Rules of Court 3.1200-07, Plaintiff Applied Materials, Inc. and Defendant Donald Olgado ("Olgado") hereby stipulate to the following Order:

-1-

MTS000293

# TEMPORARY RESTRAINING ORDER

1.    <u>Non-Access, Non-Use, and Non-Disclosure of Applied Materials Data:</u>  Olgado and his agents and all persons in active concert and participation with him, are immediately and temporarily restrained from, directly or indirectly:

   a.    Obtaining, accessing, using, retaining, or disclosing to anyone (other than his counsel of record and computer forensic experts) any of Applied Materials' data, documents, and/or property retained from or belonging to Applied Materials that are in his current possession, custody, control and relate to the planning, design, or development of any product or service involving MOCVD technology and processes for LEDs and Power Devices.

   b.    Accessing, retrieving, copying, transmitting, or disseminating (other than to his counsel of record and computer forensic experts) any copies of Applied Materials' data, documents, or property retained from or belonging to Applied Materials and relating to the planning, design, or development of any product or service involving MOCVD technology and processes for LEDs and Power Devices.

   c.    Engaging in any activity related to the marketing, planning, design, or development of any product or service involving MOCVD technology and processes for LED and Power Device that in any way involves the use or disclosure of Applied Materials trade secrets or other confidential property or data of Applied Materials.

2.    <u>Return of Applied Materials Data:</u>  Within <u>forty-eight (48) hours</u> after the entry of this Order, Olgado shall:

   a.    Inventory all of his computers, external devices (such as USB drives, if any) and Skype, Instant Message and e-mail accounts that contain any data that relates to the planning, design, or development of any product or service involving MOCVD technology and processes for LEDs and Power Devices retained from, derived from, generated at or belonging to Applied Materials, provide that inventory to Applied Materials' counsel of record, and return his Applied Materials work computer and all such Applied Materials tangible property to Applied Materials' counsel of record.  In this same time frame, Olgado shall produce to Applied Materials, all communications (including emails, Skype messages, Instant Messages and text messages) sent

-2-

MTS000294

1  or received by and between him and any other person or entity, and all documents (including

2  meta-data), relating to attempts by any Defendant to commercialize Applied Materials' MOCVD

3  technology and processes for LEDs and Power Devices and/or or that relate to the formation,

4  capitalization, investment, structure or operations of the entity or product which Defendants refer

5  to as Envision.

6          b.      Immediately disclose to Applied Materials under oath all undisclosed

7  inventions, if any, pursuant to his Employee Agreement.

8          c.      Work with third-party forensic expert(s) to return to Applied Materials – in

9  a forensically sound manner, and preserving all pertinent evidence, including metadata – all data,

10  documents, or other property retained from, derived from, generated at or belonging to Applied

11  Materials. Specifically:

12          (1)      Olgado shall immediately return all hard copy files, documents, and

13  other tangible property in his possession that belong to Applied Materials, as well as all

14  communications (including emails and text messages) sent or received by and between him and

15  any other person or entity, and all documents (including meta-data), relating to attempts by any

16  Defendant to commercialize Applied Materials' MOCVD technology and processes for LEDs and

17  Power Devices and or that relate to the formation, capitalization, investment, structure or

18  operations of the entity or product which Defendants refer to as Envision.

19          (2)      Olgado's computer forensic expert shall make a byte-by-byte Encase

20  or FTK image of all computers, electronic devices, personal email accounts, Social Media

21  accounts, online cloud storage accounts, smart phones, tablets and any other sources identified

22  pursuant to this Order, if any, on which he stored or accessed any Applied Materials data – and/or

23  any communications (including emails and text messages) sent or received by and between him

24  and any other person or entity, or documents relating to attempts by any Defendant to

25  commercialize Applied Materials' MOCVD technology and processes for LEDs and Power

26  Devices or that relate to the formation, capitalization, investment, structure or operations of the

27  entity or product which Defendants refer to as Envision. Olgado's computer forensic expert shall

28  retain complete copies of those forensic images, including metadata, pending the resolution of

MTS000295

1  this litigation. For any iPads and/or iPhones identified under to this section, Olgado shall retain

2  Cellebrite to create and hold digital images of those devices' full contents pursuant to this Order's

3  requirements.

4          (3)    Olgado shall receive a copy of the forensic image for his own

5  computer devices (absent agreement or further order of this Court, images shall not be provided

6  to Applied Materials or its counsel); as soon as practicable (and possibly extending beyond 48

7  hours as specified above but not exceeding 21 days), Olgado shall provide to Applied Materials'

8  counsel a list of claimed personal files and Applied Materials files.

9          (4)    Olgado shall, as soon as practicable (and possibly extending beyond

10  48 hours as specified above but not exceeding 21 days), work with the computer forensic

11  expert(s), his own counsel and Applied Materials' counsel to facilitate the return of all electronic

12  and hard copy data, documents, or other property retained from or belonging to Applied Materials

13  (including metadata) stored in any computer, electronic device, personal email account, smart

14  phone, tablet, online cloud storage account, and any other source identified pursuant to this Order

15          (5)    The parties shall meet and confer over any disputed files or data.

16          (6)    After this process is complete, Olgado shall certify under oath that he

17  is not in possession of any data, documents, or other property retained from or belonging to

18  Applied Materials -- or hard copy or electronic documents or communications (including emails

19  and text messages) sent or received by and between him and any other person or entity relating to

20  attempts by any Defendant to commercialize Applied Materials' MOCVD technology and

21  processes for LEDs and Power Devices and/or that relate to the formation, capitalization,

22  investment, structure or operations of the entity which Defendants refer to as Envision

23      3.    Personal email accounts:  Within seventy (72) hours after the entry of this Order,

24  Olgado shall:

25          a.    Contact, in writing, all email account providers with which he had

26  accounts, with a copy produced to counsel for Applied Materials, to inform email account

27  providers of this Order and request that the email account providers immediately preserve

28

-4-

STIPULATED TEMPORARY RESTRAINING ORDER, EVIDENCE PRESERVATION ORDER, AND ORDER
TEMPORARILY STAYING LITIGATION AS BETWEEN PLAINTIFF AND DONALD OLGADO

MTS000296

1  Defendants' respective email accounts, all past and present contents of their accounts, and all

2  associated metadata; and

3         b.      As soon as practicable but in no event longer than 25 days after entry of

4  this Order, produce to counsel of record for Applied Materials a complete file listing of all non-

5  privileged past and present contents of the email accounts and associated metadata, along with all

6  files or data belonging to Applied Materials. If any files are claimed as privileged, Olgado shall

7  serve a privilege log.

8         c.      The parties shall meet and confer over any disputes, reserve all rights, and

9  any unresolved issues shall be submitted to the Court for ruling or in camera review.

10  Said Order shall continue to remain in effect unless modified by the parties by stipulation

11  or terminated by the Court.

12                         **EVIDENCE PRESERVATION ORDER**

13  **IT IS FURTHER ORDERED THAT:**

14  Olgado, and his agents and all persons in active concert and participation with him, are

15  prohibited from destroying, shredding, altering ,deleting, erasing, disclosing, or otherwise

16  modifying, or causing or permitting anyone else to destroy, shred, alter, delete, erase, or

17  otherwise modify, any evidence relating to this action.

18  Said Order shall continue to remain in effect unless modified by the parties by stipulation

19  or terminated by the Court.

20                         **ORDER STAYING ACTION**

21

22  All further litigation between Applied Materials and Olgado is stayed through February 1,

23  2013. Olgado does not admit liability, culpability or responsibility and expressly reserves all

24  rights, claims and defenses.

25  ///

26  ///

27  ///

28  ///

-5-

MTS000297

1    So Stipulated:

2    **Applied Materials, Inc.**

3

4    By: _Bradford K. Newman /snr /_

5    Paul Hastings, LLP
     Counsel of Record and on behalf of Applied Materials, Inc.

6

7    **DONALD OLGADO**

8    _____

9

10   **IT IS SO ORDERED.**

11   Entered this ___ day of December 2012.

12

13

14
                                              _____
15                                            JUDGE, SUPERIOR COURT OF
                                                      CALIFORNIA
16

17

18

19

20

21

22

23

24

25

26

27

28
                                        -6-
     STIPULATED TEMPORARY RESTRAINING ORDER, EVIDENCE PRESERVATION ORDER, AND ORDER
     TEMPORARILY STAYING LITIGATION AS BETWEEN PLAINTIFF AND DONALD OLGADO

MTS000298

1    So Stipulated:

2    Applied Materials, Inc.

3

4    By: _____
     Paul Hastings, LLP
5    Counsel of Record and on behalf of Applied Materials, Inc.

6

7    DONALD OLGADO

8

9

10   IT IS SO ORDERED.

11   Entered this 17ᵗʰ day of December 2012.

12

13                                    Kevin E. McKenney

14

15                              _____
                                JUDGE, SUPERIOR COURT OF
16                                       CALIFORNIA

17

18

19

20

21

22

23

24

25

26

27

28
                                     -6-
     STIPULATED TEMPORARY RESTRAINING ORDER, EVIDENCE PRESERVATION ORDER, AND ORDER
     TEMPORARILY STAYING LITIGATION AS BETWEEN PLAINTIFF AND DONALD OLGADO

# EXHIBIT 2


SHUMAN
SNYDER

December 19, 2012

*VIA HAND DELIVERY AND EMAIL*

Mr. Bradford Newman
Paul Hastings LLP
1117 S. California Ave.
Palo Alto, CA 94304
Bradfordnewman@Paulhastings.com

Re:     Materials from Mr. Donald Olgado

Dear Mr. Newman,

Pursuant to the Stipulated Temporary Restraining Order between Applied Materials, Inc. and Mr. Donald Olgado, enclosed please find:

1) An inventory of Mr. Olgado's electronic devices and online accounts which may contain Applied Materials, Inc. data;
2) An inventory of Applied Materials, Inc. property being returned by Mr. Olgado;
3) The property referenced in the property inventory;
4) A statement from Mr. Olgado regarding inventions disclosure;
5) Copies of letters sent to Google, Inc. and Yahoo! Inc. regarding preservation of data from Mr. Olgado's personal email accounts; and
6) Copies of correspondence between Mr. Olgado and Messrs. Liang Chen, Robert Ewald, and Wei-Yung Hsu.

Please contact me if you have any questions regarding the contents of this delivery.

Very truly yours,

SHUMAN SNYDER LLP

Erin L. McDermit

cc: Mr. Donald Olgado

AMAT-019891

# EXHIBIT 3

<u>Inventory</u>

<u>Personal Devices</u>:

MacBook Pro computer

2 USB drives

iPhone

<u>Email/Cloud Accounts:</u>

Donald831@gmail.com

Mrbreakit831@gmail.com

Donald.olgado@yahoo.com

One Dropbox account

AMAT-019893

# EXHIBIT 4

Donald Olgado
831 Melville Ave.
Palo Alto, CA 94301

December 14, 2012

Google Inc.
1600 Amphitheatre Parkway
Mountain View, CA 94043

Re: preservation of evidence

Dear Madam or Sir,

You are instructed to preserve, until further notice and pursuant to court order in Santa Clara Superior Court Case no. 112CV237790, the contents of the following email account (including data or communications I may have manually deleted): Accounts: donald831@gmail.com, mrbreakit831@gmail.com

Signed,

Donald Olgado

Cc: Jeffrey A. Snyder, Esq.

AMAT-019895

Donald Olgado
831 Melville Ave.
Palo Alto, CA 94301

December 14, 2012

Yahoo! Inc.
701 First Avenue
Sunnyvale, CA 94089

Re: preservation of evidence

Dear Madam or Sir,

You are instructed to preserve, until further notice and pursuant to court order in Santa Clara Superior Court Case no. 112CV237790, the contents of the following email account (including data or communications I may have manually deleted): Accounts: donald.olgado@yahoo.com

Signed,

Donald Olgado

Cc: Jeffrey A. Snyder, Esq.

AMAT-019896

# EXHIBIT 5



SHUMAN
SNYDER

January 7, 2013

*VIA EMAIL*

Mr. Bradford Newman
Paul Hastings LLP
1117 S. California Ave.
Palo Alto, CA 94304
Bradfordnewman@Paulhastings.com

Re:    Additional Production from Mr. Donald Olgado pursuant to Stipulated Temporary
Restraining Order

Dear Mr. Newman,

This letter follows my letter dated December 27, 2012 and yours dated today. Pursuant to the
Stipulated Temporary Restraining Order ("TRO") between Mr. Olgado and Applied Materials,
Inc. ("Applied"), enclosed please find a zip disk containing a PDF list of Mr. Olgado's claimed
personal and Applied files from Mr. Olgado's personal computer as well as a DVD with Applied
documents in Mr. Olgado's posession. The documents on the DVD were identified by Mr.
Olgado's search of his computer and the backup of the computer (which includes documents
duplicated in his online storage/cloud accounts). Mr. Olgado did not identify any documents
from the search of his iPhone.

The list was generated by compiling a list of all files on the computer under "user/Donald" (to
eliminate operating system and administrative files related to the computer operating system),
narrowing the list to include only files accessed and used by Mr. Olgado. As you will see from
the list that was generated, the narrowed search comprises approximately 2500 pages of
computer files, and contains the files used by Mr. Olgado on his computer. Mr. Olgado has
generally reviewed the list and was able to identify potential Applied documents by running
word searches for "Applied", "Amat", "MOCVD", "Paragon" "Neon", "envision", "nlighten",
"fatboy" and "newco". He also manually reviewed certain sections of the list to further identify
Applied related documents. If a file is highlighted by a blue box and as yellow text, it has been
identified as a likely or potential Applied file. If an item is boxed, but not highlighted, it came up
as a result of a word search but was then identified as a personal file. If a line item is not
highlighted or boxed, it did not come up in a key word search and is therefore a personal file.

Please note that pursuant to the Stipulated TRO (Section 2c(3)), the list of computer files is being
delivered to you, Applied's counsel, the entire list is considered **Attorneys' Eyes Only –
Confidential** (as noted on page one of the enclosed list), and should be treated as such. By

MTS000277

Mr. Bradford Newman
January 7, 2013
Page 2

providing the enclosed list and DVD, Mr. Olgado has satisfied the requirements of sections 2c(3) and 3b of the TRO.

I will address the issues raised in your letter in turn.

**Documents produced by Mr. Olgado prior to today's date**. The attachments to the emails already produced have been identified and collected. Some are included in DVD archives included in the materials delivered to your office last month. Mr. Olgado has collected any remaining email attachments he could identify, and they are enclosed with this letter. Contrary to your statement that the prior production included a number of emails with redactions, I am aware of only one email that included any redacted information. The redacted information is the private and confidential information of a third party unrelated to any defendant or the alleged trade secrets in this case. I am happy to meet and confer with you about production of an unredacted version of the email on an attorneys' eyes only basis.

In your letter you state that "...Mr. Olgado's contention that he cannot readily locate and produce documents covered by the TRO is questionable at best." I do not know what this statement is referencing and do not recall ever implying that Mr. Olgado was unable to locate documents called for by the TRO. Mr. Olgado has been working very diligently to identify, collect, and ultimately return and not retain Applied data in his possession, including anything related to his employment with Applied as well as information potentially related to the instant lawsuit. This is evidenced by the data and documents he has already provided.

**Documents that have not been produced.** As discussed above, enclosed with this letter is a list of personal and Applied files on Mr. Olgado's computer and additional documents identified by Mr. Olgado as Applied's. As stated in my December 27, 2013 letter to you, the forensic firm was able to make images of the data in Mr. Olgado's online storage accounts (what you refer to in your letter as "third party cloud storage accounts.") Relevant data from those accounts is enclosed.

**Questions regarding evidence preservation.** Mr. Olgado identified documents related to his communications to the other defendants by searching for their names in the sent mailbox folders. This method enabled Mr. Olgado to locate the emails being sought by Applied. Mr. Olgado also reviewed the emails and was able to determine, to the best of his recollection, that the results of his search produced the relevant emails in his possession. He did not have emails in his inbox because he deleted emails from the other defendants in early December, 2012. Mr. Olgado backed-up his computer on November 24, 2012. Emails he received but deleted, dated on or before November 24, 2012, will be part of that backup file. However, we have instructed Mr. Olgado not to "restore" his computer to recover those files because the "restore" function may alter the data on his computer. If you would like us to search for additional emails he may have received but did not reply to, we will instruct the forensic firm to run a search that does not interfere with the integrity of the data on his computer. Please let me know if you want this

MTS000278

Mr. Bradford Newman
January 7, 2013
Page 3

search conducted even though you already have the emails Mr. Olgado sent to the other
defendants.

**Meeting with Mr. Olgado.** Mr. Olgado is of course willing to meet with Applied and is
available for a meeting next Monday, January 14, 2013 at 10:00 a.m. However, prior to the
meeting we would like to know who will be in attendance on behalf of Applied and the
meeting's agenda. If the purpose is to discuss a potential resolution of Mr. Olgado's involvement
in the lawsuit, we suggest one of Applied's in-house legal personnel, Raymond Kwong, David
Parandoosh, or Eddie Song, be present, as Mr. Olgado believes these individuals can have a
meaningful conversation about the technology and related issues to be resolved.

Please contact Jeff Snyder or me at your earliest convenience to discuss next steps regarding
Section 2c(4) of the Stipulated TRO. Of course pending further discussion or instruction from
you, we have instructed Mr. Olgado to preserve and not destroy any identified documents that
may be related to Applied.

You may contact Jeff Snyder or me if you have any additional questions regarding this letter or
Mr. Olgado's compliance with the Stipulated TRO.

Very truly yours,

SHUMAN SNYDER LLP

Erin L. McDermit

cc: Mr. Donald Olgado

# EXHIBIT 6-1

From: Donald Olgado <donald831@gmail.com>
Subject: Re: forming a new company
Date: September 16, 2012 10:53:11 PM PDT
To: Liang Chen <liangchen15155@gmail.com>
Cc: Wei-Yung Hsu <hsu1070@sbcglobal.net>

Liang,

I already set aside about 50K to keep me busy. Spent about 2K and another 2K in the works so I can get someone to write code for test stand. CAD will hopefully be just a 3 month demo license. My problem is the paper trail and conflict of interest with AMAT. Its actually worse if AMEC involved, so I need to be careful. Same goes for any engineer right now. Getting a separation is key and I feel they won't make it easy for me. Spoke to Madonna on Friday. George A. approached me also, and Kirk keeps pushing - he was asking if I thought people can change (Laksh) - yeah! right!

On Sep 16, 2012, at 8:42 PM, Liang Chen wrote:

Gents:
Here is my thought:
I am going to go ahead, get my lawyers to register a company by 11/1.  In that case, the company would own the patent filing between 11/1 to when the VC/PE money comes in by Jan or March. It is too bad you guys are still in Applied.

I want to create a situation for two or three engineers to be able to work when they want to, while you guys are part time. While I cannot pay for their salary until the VC/PE money comes in, at least they can work for an effort they believe in.  When the new company officially starts with funding in the bank, we can compensate the two or three engineers with 2x or 3x more stocks compare to those who come in later.

What I meant is to have the new company having some "value" to attract the big funding.  Including negotiating with AMEC.  You

AMAT-019905

# EXHIBIT 6-2

From: Donald Olgado <donald831@gmail.com>
Subject: Its a small world out there
Date: September 27, 2012 3:30:42 PM PDT
To: Liang Chen <liangchen15155@gmail.com>, Wei-Yung Hsu
<hsu1070@sbcglobal.net>, Robert Ewald <rewald20@yahoo.com>

Just to highlight the exposure risk. I've been
working through demo licenses and getting this
set up and getting quotes. Most of the computer
guys, software guys came back and ask me if its
related to AMAT - even though I never used AMAT
email or reference anywhere. After asking -
they all have databases. So I have to ask then
to keep it under wraps.

So we need package .... tick tick tick

AMAT-019919

# EXHIBIT 6-3

On Tue, Oct 9, 2012 at 8:29 PM, Donald Olgado <donald831@gmail.com>
wrote:
  Tough last few days.

  AMAT push software that stops you from using and usb storage. My USB drive
  also crashed, might not be a coincidence. I have to recover these files of I'm
  hosed. I will look for a recovery company tomorrow. If I get it back I need RAID
  for protection

  I now have a problem with the rest. I will have to figure out how to get around
  it. Maybe setup a FTP site. It will be very slow. I need to get some hackers.

  The CAD package is also having a lot of problems importing stuff. I need to
  talk to them tomorrow. This is a big problem, I really don't want to go to the
  12K software.

  Met with Bonnie, she still wants to recommend January. I told her If so then
  please give me in something in writing because 3 months from now who
  knows who will be left.

  I've pretty much emptied out my office in B2. Need storage soon, Mike says
  we need to pull the trigger any day now, but he needs a lot.

AMAT-019926

# EXHIBIT 6-4

Hi Donald,

Hope your felling better. I have a couple questions for you:
1. When do you think you will need office space, Nov or Dec?
2. Have you had a chance to review the execution plan? I can meet you somewhere by your house to go over it if your available.

Thanks,

Rob.

AMAT-019934

# EXHIBIT 6-5

From: Donald Olgado <donald831@gmail.com>
Subject: Re: files
Date: October 23, 2012 11:58:56 AM PDT
To: Liang Chen <liangchen15155@gmail.com>

Sure. I'm at the point where I need to pull the trigger on SW buy so what Bonnie says will influence what I buy or what you buy.

BTW, you mentioned NEA - that's where Arno works if it helps you. He mentioned to me some investment in LED but it was on the packaging/optics side.

Also, Rob is bugging me a lot. Can you help filter what you want.

On Oct 23, 2012, at 7:05 AM, Liang Chen wrote:

> Donald,
> I will be in SF this morning to talk to Virgin Green. Tomorrow is Samsung Capital in San Jose. Jeff and I are marching forward to secure a few key names.
>
> Let me know what happen to your talk with Bonnie. She is fair, play to her fairness.
>
> Best,
> Liang
>
>
>
>
> On Mon, Oct 22, 2012 at 11:07 PM, Donald Olgado <donald831@gmail.com> wrote:
>
>> My drive is unrecoverable. So I'm back to scratch downloading. I opened a GIS ticket to pull tape drives on 9/1 - I might get lucky.
>>
>> Liang - forget that USB exception request. I have a solution by connecting my NAS and resetting the windows network to my network I can get files off. These guys are pathetic. So if anyone wants to pull stuff off, let me know.

AMAT-019935